IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XUEYUAN CHEN | ) |
| | ) |
|    Plaintiff | ) |
| | )   **C.A.: TO BE DETERMINED** |
| v. | ) |
| | ) |
| | ) |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED IN SCHEDULE A | ) |
|    Defendants | ) |
| | ) |
| | ) |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff XUEYUAN CHEN ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A, attached herewith but under seal (collectively, "Defendants") and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts

identified the Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial interactive Defendant Internet Stores, wherein Illinois residents can purchase products featuring the Plaintiff's patented design. They individually showed an ability and willingness to ship knock-off product to Illinois residents. Each Defendant marketed to Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and on information and belief, sold products featuring the Plaintiff's patented design to the residents of Illinois. Each of the Defendants commit tortious acts in Illinois, engaging in interstate commerce, and have wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

**INTRODUCTION**

3.  The Plaintiff filed this action to combat the online infringers who unfairly infringe the Plaintiff's invention and design through marketing, selling, and/or distributing an unlicensed product that infringes upon Plaintiff's U.S. Patent D1,051,537 S entitled "STAINLESS STEEL RAG" (attached as Exhibit A), filed August 7, 2024, issuing November 12, 2024. Each defendant sells the same product as the claimed design, supporting an occurrence of transactions and thus joinder of the Defendants listed on Schedule A (sealed) as proper. The Defendants individually and collectively created the Defendant Internet Stores by the dozens and designed them to appear as if selling licensed products, while actually and knowingly marketing, selling, and/or distributing the same knock-off product. The Defendant Internet Stores sell the same infringing product, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same series of occurrences. Defendants attempt to conceal both their identities and the full scope and interworking of their operation,

through the use of alias store names. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patents rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendants' actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

## THE PARTIES

4. Plaintiff XUEYUAN CHEN is based in Chongqing, CHINA. Plaintiff is assignee and owner of U.S. Patent US D1,051,537 S patent) entitled "STAINLESS STEEL RAG" (attached as Exhibit A), filed August 07,2024, issuing November 12, 2024

5. Plaintiff Xueyuan Chen., sells his product online with the product designed in accordance with the claimed design in the **537 patent. Plaintiff has established its product as the first to market and has an established reputation for quality. An image of the claimed design is shown in the image below (Image 1). Essentially, the '537 The patent design includes a flexible rectangular stainless steel rag covered with small round holes. This rag is used to remove stains and impurities from the surface of objects. The rag features a rounded border design, and the holes on the rug are evenly and densely distributed across the entire surface.



Image 1.

6.  The Plaintiff is the lawful owner of all rights, title, and interest in the **537 Patent entitled "STAINLESS STEEL RAG" (attached as Exhibit A), issuing November 12, 2024.

7.  The Plaintiff has not granted a license or any other form of permission to Defendants with respect to the claimed design.

8.  The Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

9.  On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringe the **537 Patent in in a series of occurrences. Tactics used by Defendants to conceal their identities and the full

scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

10. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the **537 Patent, and none of the Defendants are authorized retailers of Plaintiff.

11. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

12. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including the same product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings.

13. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

14. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite the Plaintiff's enforcement efforts, such as take down notices. On information and belief, the Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, an analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

15. According to the Amazon store owner's information, as showed on Amazon websites, parts of the Defendants can be identified via Chinese official company registration system. They are registered companies and actual owners of those companies located in China. Most of these defendant companies only have 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

16. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the **537 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

17. Defendants' individual infringement of the **537 Patent, in the offering to sell, selling, or importing of the same, Infringing Products was willful.

18. Defendants' individual infringement of the **537 Patent in connection with the offering to sell, selling, or importing of the same, Infringing Products, including the offering for sale and sale of same Infringing Products into Illinois, is irreparably harming

6

Plaintiff.

19. Plaintiff assert that Marking of a product licensed to sell the product was performed, for example on the webstore of the product, whereby the patent number was positioned therein.

## COUNT I
## INFRINGEMENT OF UNITED STATES
## DESIGN PATENT NO. D1,051,537 (35 U.S.C. § 171)

20. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the **537 Patent.

22. Defendants have infringed the **537 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

23. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the **537 Patent, Plaintiff will be greatly and irreparably harmed.

24. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design; and

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, etsy.com , Amazon, Wish.com, Walmart.com, Temu.com and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

      c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from the Defendants' unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: December 20, 2024

                              Robert M. DEWITTY
                              DeWitty and Associates R.M. DeWitty, Patent Attorney
                              Attorney for Plaintiff
                              1500 K Street,
                              2nd Floor, RM: 249B
                              Washington, D.C. 20005
                              E: admin@dewittyip.com